Judge Owsley
delivered the opinion of the court.
In June 1795, the appellant and appellee mutually agreed to exchange the tracts of land upon which they respectively resided, and reciprocally covenanted each to convey to the other, at some convenient time, by a sufficient deed with genera! warranty.
Accordingly, in August following, the appellant, by a regular deed of bargain and sale, conveyed, with general warranty, the tract whereon he resided, to the appellee; and in September thereafter the appellee, by a similar deed, conveyed the tract by him sold, to the appellant.
Subsequent to this, a certain John Fitch prosecuted an action of ejectment, under an adverse claim, against the appellee, and finally succeeded in everting him from the greater part of the tract conveyed by the appellant.
The appellee then exhibited his bill in equity against the appellant, for the purpose of being restored to the land conveyed by him to the appellant, or to obtain such relief as the equity of his case might be thought would entitle him to; and after setting forth the preceding facts, charges the appellant with having fraudulently concealed from him the knowledge of Fitch’s claim.
The appellant, by his answer, denies the fraud charged, and insists, that for a breach of the covenant of warranty, the appellee should have resorted to an action at law for damages.
On a final hearing, the court below pronounced a. decree compelling the appellant to make compensation; and from that decree he has appealed to this court.
if no fraud was committed by the appellant in making the contract, the principle is not perceived upon which the appellee’s claim for compensation can be sustained, in a court of equity.
Upon being everted from any part of the land by a paramount title, the appellee would, no doubt, have a just claim against the appellant for compensation, but as such an eviction would be clearly a breach of the covenant of warranty, to obtain relief, an action at law would most unquestionably be the appropriate remedy. In such an action the appellee could not, it is true, be restored to the land *72 conveyed by him to the appellant; but as the loss of the land, purchased by him, cannot have conferred any right to such a restoration, it is plain, the incapacity of a court of law to afford such a redress, can furnish no cause for resorting to a court of equity; and-for the purpose of recovering compensation in damages, there was certainly no necessity on account of any defect in the capacity of a court of law to give reliefs, to apply to equity; for the powers of courts of law are as ample, and the rules by which they are governed, the same, in such a proceeding, as those of courts of equity.
Where a party’* remedy is complete at law, chancery will not entertain the case.
Hughes for appellant, Bibb for appellee.
Whether, therefore, the bill of the appellee was properly sustained, turns exclusively upon the question whether at fraud was’committed upon him by the appellant, in concealing the claim of Fitch?
Upon adverting to the evidence in relation to that charge, we are however satisfied, that no fraud is proven to have been committed; for, although the appellant is proven to have known of Fitch’s claim when he made the contract, it is moreover shewn by the testimony of one witness, whose evidence we think is entitled to credit, that the appellee, whilst the parties were contracting, was informed of that claim.
The decree must therefore be reversed, the cause remanded, and the bill dismissed with cost.